UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>C/O HEATH, et al.,<br><br>    Defendants. | No. 2:13-cv-1952 AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1 the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §
2 1915(b)(2).

3     The court is required to screen complaints brought by prisoners seeking relief against a
4 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
5 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

8     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
12 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 Cir. 1989); Franklin, 745 F.2d at 1227.

15     A complaint must contain more than a "formulaic recitation of the elements of a cause of
16 action;" it must contain factual allegations sufficient to "raise a right to relief above the
17 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must
18 contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a
19 legally cognizable right of action." Id. (quoting 5 C. Wright & A. Miller, Federal Practice and
20 Procedure § 1216, pp. 235-35 (3d ed. 2004)). "[A] complaint must contain sufficient factual
21 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
22 566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has
23 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
24 reasonable inference that the defendant is liable for the misconduct alleged." Id.

25     In reviewing a complaint under this standard, the court must accept as true the allegations
26 of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96
27 S. Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve
28 all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    Plaintiff identifies the following Mule Creek State Prison prison staff as defendants:
2    Correctional Officer (C/O) Heath; C/O Bradley; C/O Mendosa; C/O Vallery; C/O Torres;
3    [Correctional] Lieutenant (Lt.) Perez.  Complaint at 2-3.  Plaintiff alleges that the defendants have
4    harassed him for over a year and a half by retaliatory and destructive cell searches and by
5    improper, unauthorized removal of his personal property.  Id. at 4-10.  He alleges a wrist watch
6    was broken and other items (i.e., batteries, C.D. player, hot pot, head phones) have been taken
7    arbitrarily and not returned to him despite his efforts.  Id. at 5-8, 13.  Defendant Vallery has
8    threatened to write him up if plaintiff made an apple pie and defendant Torres has threatened a
9    write-up of plaintiff, from whom she took two apples, if she found apples in his cell.  Id. at 9-10.
10   He also alleges that defendant C/O Mendosa has yelled in front of other inmates: "I know what
11   you're in for," and that, as a result, plaintiff has been called names and has been threatened by an
12   inmate named Mike Reese, whom he avoids by staying in his building, hoping the inmate will be
13   transferred.  Id. at 3, 10.

    Fourth Amendment

15   Plaintiff has no claim under the Fourth Amendment for an unreasonable search, if that is
16   what he intends.  United States v. Kincade, 739 F.3d 813, 822 n. 17 (9th Cir. 2004) (quoting
17   Hudson v. Palmer, 468 U.S. 517, 526 (1983) ("[S]ociety is not prepared to recognize as legitimate
18   any subjective expectation of privacy that a prisoner might have in his prison cell....
19   [A]ccordingly, the Fourth Amendment proscription against unreasonable searches does not apply
20   within the confines of the prison cell.")).  See also, Somers v. Thurman, 109 F.3d 614, 617 (9th
21   Cir. 1997).

    Fourteenth Amendment - Due Process

23   The alleged confiscation of plaintiff's personal property does not support a constitutional
24   claim.  The United States Supreme Court has held that "an unauthorized intentional deprivation of
25   property by a state employee does not constitute a violation of the procedural requirements of the
26   Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the
27   loss is available."  Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984).  Thus,
28   where the state provides a meaningful postdeprivation remedy, only authorized, intentional

deprivations constitute actionable violations of the Due Process Clause. The California Legislature has provided a remedy for tort claims against public officials pursuant to Cal. Gov't Code §§ 900 et seq. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Plaintiff's allegations indicate that the removal of his property by defendants was both intentional and unauthorized. Since California has provided a remedy for the loss of his property, plaintiff may not proceed on a claim that due process was violated by the alleged unauthorized deprivation of his property by defendants. Plaintiff's due process claims will be dismissed, but plaintiff will be granted leave to amend. If plaintiff can truthfully allege that the deprivation was authorized by a particular state procedure which itself violates due process, he may amend to so allege.

First Amendment - Retaliation

To the extent that plaintiff claims he was subjected to retaliatory cell searches, the Ninth Circuit treats the right to file a prison grievance as a constitutionally protected First Amendment right. Brodheim v. Cry, 484 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005)); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003); see also, Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997); Hines v. Gomez, 853 F. Supp. 329 (N.D. Cal. 1994) (finding that the right to utilize a prison grievance procedure is a constitutionally protected right) (cited with approval in Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)); Graham v. Henderson, 89 F.3d 75 (2nd Cir. 1996) (retaliation for pursing a grievance violates the right to petition government for redress of grievances as guaranteed by the First and Fourteenth Amendments); Jones v. Coughlin, 45 F.3d 677, 679-80 (2nd Cir. 1995) (right not to be subjected to false misconduct charges as retaliation for filing prison grievance); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing disciplinary actionable if done in retaliation for filing inmate grievances); Franco v. Kelly, 854 F.2d 584, 589 (2nd Cir. 1988) ("Intentional obstruction of a prisoner's right to seek redress of grievances is precisely the sort of oppression that section 1983 is intended to remedy" (alterations and citation omitted)); Cale v. Johnson, 861 F.2d 943 (6th Cir.

1988) (false disciplinary filed in retaliation for complaint about food actionable).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

Plaintiff's claims that he was subjected to retaliatory cells searches but he does not adequately set forth the sequence of events leading to the cell searches. For example, he does not specify precisely what protected conduct in which he was engaged before the initial cell search took place. Nor does he identify how many cell searches in which defendants engaged, or precisely what each was in retaliation for. The claims of retaliation will be dismissed but plaintiff will be granted leave to amend.

Eighth Amendment – Failure to Protect

To the extent plaintiff seeks to frame an Eighth Amendment claim against defendant Mendosa for a failure to protect him, based on the allegation that Mendosa yelled out that he knew what plaintiff had been convicted of, the claim requires an additional factual predicate. "'[P]rison officials have a duty. . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation omitted). Prison officials must not only ensure the safety of the prison staff, administrative personnel and visitors, but also are obliged "'to take reasonable measures to guarantee the safety of the inmates themselves.'" Whitley v. Albers, 475 U.S. 312, 320 (1986) (quoting Hudson v. Palmer, 468 U.S. 517, 526-527 (1984)). "[A] prison official violates the Eighth Amendment when two

5

requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious'.... For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  Id. at 834.  Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety."  Id.  The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Simply shouting that he is aware of what plaintiff "is in for" is insufficient to form the basis of an Eighth Amendment claim.  The complaint will be dismissed but plaintiff is granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect...")  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each

6

defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in dismissal of this action.

DATED: January 21, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE