1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DANNY R. GARCIA,                                No.  2:13-cv-1952 AC P

12                    Plaintiff,

13         v.                                         ORDER

14    C/O HEATH, et al.,

15                    Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed his second

18    request for an extension of time to file an amended complaint pursuant to the court's order of

19    January 22, 2014.  Plaintiff has also requested the appointment of counsel.

20         The United States Supreme Court has ruled that district courts lack authority to require

21    counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

22    U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

23    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

24    1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25         The test for exceptional circumstances requires the court to evaluate the plaintiff's

26    likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

27    light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

28    1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

1    common to most prisoners, such as lack of legal education and limited law library access, do not

2    establish exceptional circumstances that would warrant a request for voluntary assistance of

3    counsel.  Plaintiff's request for counsel appears to relate primarily to his recent medical concerns.

4    Plaintiff indicates that he was interrupted in the preparation of his amended complaint by a

5    medical condition which required a hospital stay from which his anticipated return was April 17,

6    2014.  ECF No. 12.  He had received a prior extension of time to file his amended complaint until

7    April 21, 2014.  ECF No. 11.  The court finds good cause to extend further the time for plaintiff

8    to file his amended complaint but does not find, in the present case, the required exceptional

9    circumstances for appointment of counsel.

10              Accordingly, IT IS HEREBY ORDERED that:

11         1. Plaintiff's request for an extension of time (ECF No. 12) is granted;

12         2. Plaintiff is granted thirty days from the date of this order in which to file an amended

13    complaint; and

14         3.  Plaintiff's April 21, 2014 motion for the appointment of counsel (ECF No. 12) is

15    denied.

16    DATED: May 8, 2014

17    _____
      ALLISON CLAIRE

18    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28