UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. GARCIA, | No. 2:13-cv-1952 AC P |
| Plaintiff, | |
| v. | ORDER |
| C/O HEATH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has again requested appointment of counsel and an extension of time to file an amended complaint.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel); see also, Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952,

1

1  954 (9th Cir. 1983).  The burden of demonstrating exceptional circumstances is on the plaintiff.
2  Palmer, supra.  As has been previously explained to plaintiff (ECF No. 13), circumstances
3  common to most prisoners, such as lack of legal education and limited law library access, do not
4  establish exceptional circumstances that warrant a request for voluntary assistance of counsel.
5  Plaintiff asserts that he is seeking appointment of counsel because his mind has been affected by
6  the chemotherapy treatments he is undergoing for lymphoma.  ECF No. 15.

7  In his June 4, 2014 request for appointment of counsel and for an extension of time,
8  plaintiff informs the court that he is in the prison infirmary without "access to anything"
9  undergoing chemotherapy which he approximated would take at that point an additional 60 days.
10  ECF No. 14.  In his second request, plaintiff indicates he is no longer in the infirmary but at this
11  time his property cannot be located.  ECF No. 15.

12  The complaint was dismissed with leave to amend within thirty days by order filed on
13  January 22, 2014.  In the dismissal order, the court explained the deficiencies of the complaint in
14  some detail.  ECF No. 6.  The court has previously granted plaintiff two extensions of time
15  amounting to an additional 60 days to file his amended complaint.  ECF Nos. 11, 13.  The court
16  will direct the Clerk to re-serve the order dismissing the case and will grant plaintiff a final,
17  additional 60 days to file an amended complaint.

18  Having considered the factors under Palmer, the court finds that plaintiff has failed to
19  meet his burden of demonstrating exceptional circumstances warranting the appointment of
20  counsel at this time.

21  Accordingly, IT IS HEREBY ORDERED that:

22  1. Plaintiff's June 4, 2014 and July 7, 2014 motions for the appointment of counsel (ECF
23  Nos. 14 and 15) are denied;

24  2. Plaintiff's motions for an extension of time at ECF Nos. 14 and 15 are granted;

25  3. Plaintiff is granted an additional 60 days to file an amended complaint, but there will
26  be no further extension; and

27  ////
28  ////

4. The Clerk is directed to re-serve plaintiff with a copy of the January 22, 2014 order at ECF No. 6.

DATED: July 18, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE