1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DANNY R. GARCIA,                               No.  2:13-cv-1952 JAM AC P

12                     Plaintiff,

13           v.                                      ORDER

14    C/O HEATH, et al.,

15                     Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18    action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's First Amended

19    Complaint, ECF No. 17, against six defendants, on plaintiff's First Amendment retaliation claims.

20    A Discovery and Scheduling Order issued March 24, 2015, setting a discovery deadline of July

21    10, 2015 and a dispositive motion deadline of October 2, 2015.  See ECF No. 24.

22          Presently pending is plaintiff's fourth request for appointment of counsel.  Plaintiff's prior

23    requests were denied without prejudice.  The court then found that plaintiff had not met his

24    burden of demonstrating exceptional circumstances warranting appointment of counsel but, in

25    each instance, extended time for filing an amended complaint.  See ECF Nos. 13, 16.  The instant

26    request includes 114 pages of exhibits which plaintiff asserts demonstrate the likelihood of

27    success on the merits of his claims.  Plaintiff states that his claims are complex, that he is indigent

28    and not trained in the law, and that he is "still in recovery from cancer (lymphoma-chemo-

                                                        1

1   radiation) and. . . still in a depression requiring an increase in medication (Prozac)."  ECF No. 23

2   at 2.  In addition, plaintiff states that another inmate prepared his prior filings but has been

3   transferred to another prison and "[t]here is no one here with any legal education to help me."  Id.

4   Plaintiff has also filed a "Reply Brief to Defendants' Answer," ECF No. 27, without exhibits,

5   which is worded more like a notice of summary judgment motion.  See Fed. R. Civ. P. 56.

6   Plaintiff states therein that he possesses "indisputable evidence" to prove his claims.  ECF No. 27

7   at 1.

8        As plaintiff was previously informed, district courts lack authority to require counsel to

9   represent indigent prisoners in Section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S.

10  296, 298 (1989).  Only in certain exceptional circumstances will a district court request the

11  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

12  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

13       The test for exceptional circumstances requires the court to evaluate plaintiff's likelihood

14  of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the

15  complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th

16  Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  The burden of demonstrating

17  exceptional circumstances is on the plaintiff.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir.

18  2009).  Circumstances common to most prisoners, such as lack of legal education and limited law

19  library access, do not establish the requisite exceptional circumstances.

20       In the present case, the court again finds that plaintiff has not demonstrated exceptional

21  circumstances warranting appointment of counsel at this time.  Plaintiff's physical health appears

22  to be stabilized and he is receiving medication for his depression.  While plaintiff asserts that his

23  claims are complex, he is pursuing the same claim against all six defendants – that defendants

24  violated plaintiff's First Amendment rights by retaliating against him for filing administrative

25  grievances.  Plaintiff is proceeding on a solid operative complaint and appears to possess

26  substantial evidence in support of his claims.  The wording of plaintiff's request for appointment

27  of counsel and "reply brief" indicate that he is capable of identifying additional evidence that

28  ////

2

1   would support his claims, and formulating his discovery requests accordingly.[1]  Plaintiff also

2   appears capable of adequately responding to defendants' discovery requests to the extent that

3   plaintiff possesses the requested evidence or can easily obtain it (e.g., from his central file).

4   Plaintiff has already shared substantial evidence with defendants by filing it with the court, and

5   defendants should circumscribe their discovery requests accordingly.  Thereafter, on or before

6   October 2, 2015, plaintiff may move for summary judgment in his favor, with all of his

7   supporting evidence; plaintiff must also timely oppose any motion for summary judgment filed by

8   defendants.  The court will then examine the merits of his plaintiff's claims and evidence.

9           Based on the court's assessment that plaintiff appears capable of proceeding effectively in

10  this action on his own, at this time, his request for appointment of counsel will again be denied.

11  Plaintiff is informed that the court will, on its own motion, reconsider the appointment of counsel

12  if the case proceeds to trial setting following dispositive motions.

13          For these reasons, IT IS HEREBY ORDERED that plaintiff's motion for appointment of

14  counsel, ECF No. 23, is denied without prejudice.

15  DATED: April 21, 2015

16                                              _____
                                                ALLISON CLAIRE
17                                              UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26  [1]  Plaintiff's discovery requests may include the following:  (1) requests for admission (yes-or-no
    statements of fact) directed to each defendant, see Fed. R. Civ. P. 36; (2) up to twenty-five
27  interrogatories (questions) directed to each defendant, see Fed. R. Civ. P. 33; and (3) requests for
    copies of documents, electronically stored information, or other tangible evidence directed to
28  each defendant, see Fed. R. Civ. P. 34.

                                          3