UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. GARCIA, | No. 2:13-cv-1952 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| C/O HEATH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis with this civil rights action, requests appointment of counsel for the sixth time. See ECF No. 31. All previous requests have been denied. See e.g. ECF No. 30. As this court has previously explained, appointment of voluntary counsel in a prisoner civil rights action is appropriate only upon a showing of exceptional circumstances. See e.g. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff now states that his need to interview two witnesses on his behalf constitutes exceptional circumstances requiring the appointment of counsel. See ECF No. 31 at 3. Plaintiff will be required to file a supplemental statement that identifies each witness, the purpose and nature of their anticipated testimony, and whether such testimony may presently be secured through written discovery. Therefore, ruling on plaintiff's current request for appointment of counsel, ECF No. 31, will be deferred pending further briefing.

////

1

Accordingly, IT IS HEREBY ORDERED that, within 21 days after the filing date of this order, plaintiff shall file a statement that provides the following information:

1. The full name, title, and address of each prospective witness (if a witness is an inmate, plaintiff shall, if possible, provide the witness' CDCR identification number and current place of incarceration; if a witness is a CDCR official, plaintiff shall provide the witness' title and identify the facility, building and/or unit to which the witness is assigned).

2. The anticipated testimony of each witness, and an explanation how the witness has actual firsthand knowledge of the relevant facts; specify whether he or she was an eyewitness or an ear-witness to the relevant facts, including a description of the pertinent incident, when and where it occurred, who was present, and how the prospective witness saw or heard what occurred at that time.

3. Whether the witness is willing to testify voluntarily in this action on plaintiff's behalf without being subpoenaed.

4. An explanation why plaintiff is unable to interview each witness on his own and/or to independently obtain a sworn affidavit from each witness.

5. An explanation why such testimony may not presently be secured through written discovery (e.g., written deposition questions or special interrogatories) served by subpoena or by court order, without an interview and/or appointment of counsel.

6. Failure to timely respond to this order will result in a denial of plaintiff's currently pending request for appointment of counsel.

DATED: June 22, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE