UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. GARCIA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C/O HEATH, et al.,<br><br>　　　　　　Defendants. | No. 2:13-cv-1952 JAM AC P<br><br><br>ORDER |

I. 　　Introduction

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's First Amended Complaint (FAC), filed September 18, 2014, ECF No. 17, on plaintiff's claims that six defendant correctional officers retaliated against plaintiff for exercising his First Amendment rights while he was incarcerated at Mule Creek State Prison (MCSP). Currently pending are: (1) plaintiff's sixth request for appointment of counsel, ECF No. 31; and (2) plaintiff's request for leave to file his proposed Second Amended Complaint (SAC), ECF Nos. 33-4, 37-8. Defendants have filed a motion to strike plaintiff's proposed SAC. ECF No. 36. For the reasons that follow, the court denies plaintiff's requests, and grants defendants' motion.

////

////

II. Request for Appointment of Counsel

Plaintiff's sixth request for appointment of counsel is premised on his asserted need to interview two witnesses on his own behalf. See ECF No. 31. In response to this request, the court directed plaintiff to submit further briefing identifying each witness, the purpose and nature of their anticipated testimony, and whether such testimony could be secured through written discovery. See ECF No. 32.

In his supplemental brief, ECF No. 35, plaintiff identifies the following witnesses: (1) Correctional Officer (CO) Harris (or Harriss), who was plaintiff's boss during Second Watch when plaintiff worked in the kitchen at MCSP, and (2) CO Debbie Brown, who was the "free staff boss for 3rd Watch" at MCSP. Plaintiff states that both witnesses will attest they informed plaintiff that each had been approached by a defendant with information intended to interfere with plaintiff's employment, specifically, that: (1) CO Harris was told in a telephone call from defendant Torres that a search of plaintiff's cell disclosed that plaintiff was stealing from Harris; and (2) CO Brown was told in a telephone call from defendant Mendoza that she should not hire plaintiff for a permanent position. Both witnesses informed plaintiff of their respective telephone conversations and assured plaintiff that he remained secure in his employment. Plaintiff does not address whether the anticipated testimony of either witness could be obtained in sworn written statements.

As the court has informed plaintiff, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Circumstances common to most prisoners, such as lack of legal education and limited law library

1  access, do not establish exceptional circumstances warranting appointment of voluntary counsel.
2  Id.
3      The court again concludes that plaintiff has failed to meet his burden of demonstrating
4  exceptional circumstances warranting the appointment of counsel.  The statements sought from
5  COs Harris and Brown may be obtained in the form of sworn written affidavits submitted to
6  plaintiff upon his written requests.  Neither anticipated statement is so complex as to require that
7  it be obtained by deposition conducted by appointed counsel.
8      Nor do the additional reasons proffered by plaintiff in support of his request for appointed
9  counsel demonstrate the requisite exceptional circumstances.  Plaintiff's incarceration, indigence,
10 limited education and limited access to the prison law library are circumstances common to most
11 prisoners.  As this court found in denying plaintiff's fourth request for appointed counsel, ECF
12 No. 28 at 2:

> Plaintiff's physical health appears to be stabilized and he is receiving medication for his depression.  While plaintiff asserts that his claims are complex, he is pursuing the same claim against all six defendants – that defendants violated plaintiff's First Amendment rights by retaliating against him for filing administrative grievances.  Plaintiff is proceeding on a solid operative complaint and appears to possess substantial evidence in support of his claims.

17 In addition, although plaintiff states that he has required the assistance of other inmates in
18 preparing his pleadings and pursuing this action, he has chosen wisely, based on the clarity and
19 coherence of the operative complaint (and proposed SAC).
20     For these several reasons, plaintiff's request for appointment of counsel will again be
21 denied without prejudice.
22     III.    <u>Request for Leave to File Proposed Second Amended Complaint</u>
23     Although plaintiff has filed his proposed SAC, ECF No. 33, it is clear that he seeks leave
24 of court to proceed on the SAC, <u>see</u> ECF Nos. 33, 37-8.  Defendants' motion to strike the SAC,
25 ECF No. 36, is also construed as defendants' opposition thereto.
26     A court should freely grant leave to amend a pleading when justice so requires.  Fed. R.
27 Civ. P. 15(a)(2).  "Leave to amend should be granted unless the pleading 'could not possibly be
28 cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs."

1  Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (citing Lopez v. Smith, 203 F.3d 1130,
2  1131 (9th Cir. 2000) (en banc)), cert. denied, 541 U.S. 1063 (2004). Facts alleged in an amended
3  complaint "must not be inconsistent with those already alleged." Lacey v. Maricopa County, 693
4  F.3d 896, 939 (9th Cir. 2012) (en banc). "Liberality in granting a plaintiff leave to amend is
5  subject to the qualification that the amendment not cause undue prejudice to the defendant, is not
6  sought in bad faith, and is not futile. Additionally, the district court may consider the factor of
7  undue delay. Undue delay by itself, however, is insufficient to justify denying a motion to
8  amend." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted).

9  Plaintiff's proposed SAC is identical to his FAC with the exception that he has identified,
10 on the title page, the names of the previous "John Does 1 through 5," and added allegations
11 specific to four of the five newly-named defendants. See ECF No. 33 at 12-3, ¶¶ 38-41. When a
12 plaintiff learns the identity of a Doe defendant through discovery or other means, he may move to
13 file an amended complaint to add the newly-named defendant. Brass v. County of Los Angeles,
14 328 F.3d 1192, 1195-98 (9th Cir. 2003). Failure to afford a plaintiff such opportunity is error.
15 Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

16 Newly-named defendant L.B. Reaves, see ECF No. 33 at 1, is not further referenced in the
17 proposed SAC. A complaint that fails to allege specific acts demonstrating that a defendant
18 violated the plaintiff's federal rights fails to meet the notice requirements of Federal Rule of Civil
19 Procedure 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Hence,
20 the proposed addition of defendant Reaves does not support amendment of the FAC.

21 Three of the newly-named defendants – Knipp, Artis and Lozano – are referenced only in
22 their roles in denying plaintiff's administrative grievance. The SAC alleges in pertinent part:

> On September 2, 2012, plaintiff's 602 appeal was returned stating that staff did not violate CDCR policy with respect to one or more of the issues appeal, signed by R. Perez (Interviewer) [either the same person as defendant L.T. Perez or otherwise not named as a defendant] and William Knipp (Reviewing Authority), both protecting their staff even though it was obvious that plaintiff's rights were being violated. . . . After receiving the 602 appeal from the third level on May 8, 2013 it stated that the appeal was denied again and was signed by D. Artis (Appeals Examiner), and J.D. Lozano (Chief Office of Appeals), clearly showing the depth of the conspiracy of protecting staff when they break the law . . . .

ECF No. 33 at 12, ¶¶ 38, 39.  However, "prison officials are not required to process inmate grievances in a specific way or to respond to them in a favorable manner.  Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process his inmate grievances."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  For this reason, the proposed addition of defendants Knipp, Artis and Lozano does not support amendment of the FAC.

The last newly-named defendant is "J.H. Chief of Mental Health," whose full name is reportedly illegible on the June 7, 2013 Mental Health Placement Chrono authorizing plaintiff's transfer from MCSP to Centinela State Prison.  See ECF No. 33 at 13, ¶ 41.  The proposed SAC alleges that, in conspiracy with other defendants to retaliate against plaintiff for pursuing his First Amendment rights, defendant J.H. authorized plaintiff's transfer to Centinela despite his CCCMS (Correctional Clinical Case Management System) mental health treatment status, which was not available at Centinela.  The SAC alleges that J.H. improperly and temporarily suspended plaintiff's CCCMS status to effect plaintiff's transfer, without conducting a meeting of the Interdisciplinary Treatment Team (IDTT).  However, plaintiff's original complaint states that, "upon arrival at Centinela I'm imediatley (sic) put back on triple CMS."  ECF No. 1 at 11.  Moreover, in October 2013, plaintiff was transferred to the Correctional Training Facility in Soledad, see ECF No. 5, where he remains, which does provide CCCMS care, see CDCR Mental Health Program Guide (2009), Section 12-1-7.

The SAC fails to state a cognizable claim against J.H., even if plaintiff's speculation is correct concerning J.H.'s rationale in transferring plaintiff.  Convicted prisoners have no reasonable expectation to remain at a particular facility, and prison officials have broad authority to transfer prisoners from one facility to another.  See Meachum v. Fano, 427 U.S. 215, 225 (1976).  "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.  For this reason the Court has not required administrators to conduct a hearing before transferring a prisoner to a bed in a different prison, even if 'life in one prison is much more disagreeable than in another.'"  McKune v. Lile, 536 U.S. 24, 39 (2002) (quoting

1  Meachum at 225).

2      Because plaintiff's proposed SAC fails to state a cognizable claim against any newly-named defendant, it would be futile to grant plaintiff leave to proceed on the SAC.  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Moreover, because discovery ends August 28, 2015, see ECF No. 30, amendment at this stage of this action, absent good cause, would be unduly prejudicial to defendants.

    Accordingly, IT IS HEREBY ORDERED that:

    1.  Plaintiff's sixth request for the appointment of counsel, ECF No. 31, is denied without prejudice.

    2.  Plaintiff's request for leave to proceed on his proposed Second Amended Complaint is denied.

    3.  Defendant's motion to strike, ECF No. 36, plaintiff's proposed Second Amended Complaint is granted.

    4.  The Clerk of Court shall designate on the docket that this action proceeds only on plaintiff's First Amended Complaint filed September 18, 2014, see ECF No. 17; the putative complaints filed on June 29, 2015, ECF No. 33 (proposed SAC), and July 8, 2015, ECF No. 34 (copy of FAC), shall be stricken.

DATED: August 10, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE