UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. GARCIA, | No. 2:13-cv-1952 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| C/O HEATH, et al., | |
| Defendants. | |

This prisoner civil rights action proceeds against six defendants on plaintiff's First Amended Complaint (FAC), filed September 18, 2014. See ECF Nos. 17-8, 22. Discovery closed on July 10, 2015. See ECF No. 24. On August 28, 2015, five of the six defendants filed a motion for summary judgment based on plaintiff's alleged failure to exhaust his administrative remedies. See ECF No. 41. Plaintiff filed an opposition to the motion. ECF No. 46. Plaintiff also filed his own motion for summary judgment on the merits of his claims, ECF No. 45, supported by a 237-page "Index" of evidence, ECF No. 42, which the court denied without prejudice pending resolution of defendants' exhaustion motion, see ECF No. 49. Thereafter, plaintiff filed three documents which, taken together, are reasonably construed as a request to file a new comprehensive opposition to defendants' pending motion for summary judgment.[1] See

---

[1] Plaintiff states, for example, that he had construed defendants' motion to "put plaintiff in a (continued…)

1

1  ECF Nos. 50-1, 53.  Defendants move to strike these documents, ECF No. 52, and oppose any
2  additional opportunity for plaintiff to oppose their motion, ECF No. 54.
3        Although plaintiff was timely provided with a "Rand Notice,"[2] both by this court, ECF
4  No. 20, and by defendants, ECF No. 41-5, it is not clear that plaintiff, a prisoner proceeding pro
5  se, previously understood the nature and requirements for opposing a motion for summary
6  judgment concerning the exhaustion of administrative remedies.  See Albino v. Baca, 747 F.3d
7  1162, 1166 (9th Cir. 2014); see also Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).  In an
8  abundance of caution, and to avoid piecemeal consideration of plaintiff's arguments and
9  evidence, this court will accord plaintiff further opportunity to prepare and submit a
10 comprehensive opposition to the pending motion for summary judgment.  As a result, and due to
11 the internal record-keeping needs of the court, defendants will be required to re-file and re-serve
12 their motion for summary judgment.
13       As defendants note, it appears that plaintiff may also be requesting the discovery be re-
14 opened for the purpose of serving requests for admission on defendants.  See ECF No. 53.
15 However, plaintiff's statements are also reasonably construed as a request to amend his current
16 opposition to the motion for summary judgment for the purpose, inter alia, of incorporating
17 defendants' existing responses to plaintiff's requests.  Id.  At present, the court perceives no
18 scenario in which defendants' answers to newly served admission requests would be probative on
19 the question of administrative exhaustion.  Nevertheless, if plaintiff seeks to re-open discovery for
20 this purpose, he must file a motion seeking that relief.
21       Accordingly, IT IS HEREBY ORDERED that:
22       1.  Defendants' motion for summary judgment filed August 28, 2015, ECF No. 41, is

---

position of defending other 602's that had not been completed[,] not knowing that all the extra work was not necessary[;] that it was just a minor error in not making a copy of [the] completed 602 from discovery and sending it in the opposition." ECF No. 50 at 2.  Elsewhere plaintiff expresses "confusion of entering indisputable evidence (discovery) . . . everything (evidence) is in discovery." ECF No. 53 at 1.

[2] See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998); see also Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).

2

1  vacated without prejudice to its re-filing and re-service within fourteen (14) days after the filing
2  date of this order.  Plaintiff shall file and serve a comprehensive opposition within twenty-one
3  (21) days after service of the motion; defendants may file a reply within seven (7) days after the
4  electronic filing of plaintiff's opposition.  The filing of a surreply is not authorized and any such
5  document will not be considered.  See Local Rule 230(l).

6      2.  Plaintiff's motion for extension of time, ECF No. 53, and defendants' motion to strike,
7  ECF No. 52, are denied as moot.

8  DATED: January 5, 2016

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE