UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. GARCIA, | No. 2:13-cv-1952 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| C/O HEATH, et al., | |
| Defendants. | |

    Plaintiff moves for leave to file a surreply addressing defendants' reply in support of their pending motion for summary judgment, ECF No. 65, and to reopen discovery, ECF No. 61.

    Defendants' motion for summary judgment was filed and served on January 6, 2016. See ECF No. 56. By order filed February 3, 2016, this court granted plaintiff's request for extended time to file and serve his opposition. See ECF No. 59. Because the duration of extended time was significant (a total of 79 days), the court stated in pertinent part that "[n]o further extensions of time will be granted absent the showing of a compelling reason." Id. at 1. The court further stated that, "[p]laintiff's opposition will be his only relevant filing addressing defendants' motion for summary judgment; no surreply will be permitted." Id. at 2 n.1.

    Plaintiff now requests leave to file a "short reply to defendants' response." See ECF No. 65. Plaintiff asserts that some of defendants' statements are "completely false," and requests the opportunity to "explain the basis for his belief that the subject of entered falsehood by defendants

1

1 are in fact without merit, exaggerated and do not reflect the truth." Id. at 1-2.

2     Neither the Federal Rules nor the Local Rules authorize the filing of a surreply as a matter
3 of right.  See E.D. Cal. R. 230(b)-(d) (providing for a motion, opposition, and reply).
4 Nevertheless, this court may authorize a surreply, particularly upon prior motion, when there is a
5 valid reason for additional briefing, such as when defendants raise new arguments in their reply.
6 Cf., Norwood v. Byers, 2013 WL 3330643, at *3, 2013 U.S. Dist. LEXIS 92255, at *9-10 (Case
7 No. 2:09-cv-2929 LKK AC P (E.D. Cal. June 28, 2013) (granting motion to strike surreply
8 because "defendants did not raise new arguments in their reply that necessitated additional
9 argument from plaintiff, plaintiff did not seek leave to file a surreply before actually filing it, and
10 the arguments in the surreply do not alter the analysis below"), report and recommendation
11 adopted, 2013 WL 5156572, 2013 U.S. Dist. LEXIS 130788 (E.D. Cal. Sept. 12, 2013); see also,
12 Hill v. England, 2005 WL 3031136, at *1, 2005 U.S. Dist. LEXIS 29357, at *2-3 (Case No. No.
13 1:05-cv-0869 REC TAG) (E.D. Cal. Nov.8, 2005) (A district court may allow a surreply "where a
14 valid reason for such additional briefing exists, such as where the movant raises new arguments in
15 its reply brief.").

16     Defendants' motion for summary judgment is premised on plaintiff's alleged failure to
17 exhaust his administrative remedies.  See ECF No. 56.  Defendants' reply to plaintiff's opposition
18 addresses, among other substantive and factually-detailed matters, whether the Ninth Circuit's
19 recent holding in Reyes v. Smith, 810 F.3d 654 (9th Cir. Jan. 12, 2016), applies to the facts of this
20 case.  Defendants acknowledge that plaintiff did not address this matter is his opposition.  See
21 Reply, ECF No. 63 at 6.

22     It is reasonable to assume that plaintiff was unaware of the Reyes decision when he signed
23 his opposition on January 22, 2016.  Even if he was, plaintiff is entitled to address defendants'
24 new argument.  Therefore, despite the court's prior statement to the contrary, plaintiff will be
25 permitted the opportunity to file and serve a surreply that addresses defendants' new argument
26 and, as a practical matter, any other argument included in defendants' reply.

27     However, plaintiff's motion to reopen discovery, ECF No. 61, will be denied without
28 prejudice.  Should this action proceed on the merits following the court's decision on defendants'

motion for summary judgment premised on plaintiff's alleged failure to exhaust administrative remedies, see ECF No. 56, then plaintiff may renew his motion to reopen discovery.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file and serve a surreply, ECF No. 65, is granted; plaintiff's surreply shall not exceed 25 pages, including exhibits, and shall be filed and served within fourteen (14) days after service of this order.

2. Plaintiff's motion to reopen discovery, ECF No. 61, is denied without prejudice.

DATED: March 14, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE