UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. GARCIA,<br><br>           Plaintiff,<br><br>      v.<br><br>C/O HEATH, et al.,<br><br>           Defendants. | No.  2:13-cv-1952 JAM AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action. Currently pending are several motions plaintiff filed in response to this court's August 17, 2016 finding and recommendations, wherein the undersigned recommends that all defendants except Mendoza be dismissed from this action due to plaintiff's failure to exhaust his administrative remedies. The court addresses plaintiff's current motions ad seriatim.

## MOTIONS FOR APPOINTMENT OF COUNSEL

In his seventh and eighth requests for appointment of counsel, plaintiff asserts that appointment of counsel is imperative to sustain this action. Plaintiff emphasizes that he is at an inherent disadvantage compared to defendants' legal resources.

Plaintiff has previously been informed that this court lacks authority to require an attorney to represent an indigent prisoner in a civil rights action. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Nevertheless, this court may, in certain exceptional circumstances,

1

1  request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer,
2  935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.
3  1990).  When determining whether "exceptional circumstances" exist, the court must consider
4  plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his
5  claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d
6  965, 970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the
7  plaintiff.  Circumstances common to most prisoners, such as lack of legal education and limited
8  law library access, do not establish exceptional circumstances warranting appointment of
9  voluntary counsel.  Id.
10  The court again concludes that plaintiff has failed to meet his burden of demonstrating
11  exceptional circumstances warranting the appointment of counsel.  Plaintiff's continuing
12  incarceration, limited understanding of the law, and limited access to the prison law library are
13  circumstances common to most prisoners.  Moreover, in light of the pending findings and
14  recommendations, which were based on an exhaustive review of the record, appointment of
15  counsel would have a negligible impact on the direction and merits of this case.
16  For these reasons, and the reasons previously stated by the court in denying plaintiff's
17  prior requests for appointment of counsel – see ECF Nos. 13, 16, 28, 30, 39 – plaintiff's instant
18  requests for appointment of counsel, ECF Nos. 69, 72, are denied without prejudice.
19  MOTION FOR SUBPOENA/SUMMONS
20  Plaintiff has filed a motion to subpoena "John Does 1 thru 5."  ECF No. 70.  Plaintiff
21  argues that these defendants were named in his First Amended Complaint (ECF No. 17), but he
22  was never instructed how to serve process on them.  Plaintiff now seeks to serve these defendants
23  with a summons and bring them into this case.
24  Reliance on "Doe" defendants is disfavored in the Ninth Circuit.  See Gillespie v.
25  Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify
26  a defendant is not favored.").  It is customary to dismiss Doe defendants from a case without
27  prejudice, subject to later inclusion if plaintiff discovers their identity.  See Brass v. County of
28  Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003); see also Wakefield v. Thompson, 177 F.3d

1160, 1163 (9th Cir. 1999).  Alternatively, as in the instant case, the order screening plaintiff's operative First Amended Complaint did not dismiss the Doe defendants, but simply ignored them when identifying the defendants who should be served process.  See ECF No. 18.

Thus, there is no authority for plaintiff's request to subpoena or serve Doe defendants.  Accordingly, plaintiff's request, ECF No. 70, is denied.

MOTION FOR EVIDENTIARY HEARING

Plaintiff requests that an evidentiary hearing be convened in this case "as soon as possible."  ECF No. 71 at 1.  He asserts that "not ever having this evidentiary hearing is hurting his case greatly, this is just another reasons why plaintiff has requests counsel six times in the name of justice."  Id.  Plaintiff does not further describe the purpose or nature of the requested hearing.

Neither the Federal Rules of Civil Procedure nor the Local Rules of this court support plaintiff's request to convene an evidentiary hearing.  Nevertheless, further discovery may be conducted in this case.  Following the district judge's decision on the undersigned's findings and recommendations, this court will consider reopening discovery on the merits of plaintiff's claims.  See ECF No. 66 at 2-3 (this court will consider reopening discovery "[s]hould this action proceed on the merits following the court's decision on defendants' motion for summary judgment premised on plaintiff's alleged failure to exhaust administrative remedies").

For these reasons, plaintiff's motion for an evidentiary hearing, ECF No. 71, is denied.

MOTION FOR EXTENSION OF TIME

Plaintiff requests an extension of time of at least thirty days to research and prepare his objections to the undersigned's pending findings and recommendations.  Plaintiff recounts frustrations with his legal research to date, and notes the limited availability of law library computers.  See ECF No. 73.

Review of plaintiff's search inquiries indicates that he is approaching his objections with too broad a focus.  The legal standards concerning exhaustion of administrative remedies are well established.  Plaintiff should focus on the court's assessments concerning the timing, content and processing of his administrative grievances, for which he does not need the prison library or

3

computers. These factual matters, not established legal standards, should be the focus of plaintiff's efforts and objections.

Subject to these suggestions, plaintiff will be accorded limited additional time to file and serve his objections, as set forth below.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for appointment of counsel, ECF Nos. 69 & 72, are denied without prejudice.

2. Plaintiff's motion for a subpoena and/or summons, ECF No. 70, is denied.

3. Plaintiff's motion for an evidentiary hearing, ECF No. 71, is denied.

4. Plaintiff's motion for extended time, ECF No. 73, is granted. Plaintiff shall file and serve his objections to the pending findings and recommendations on or before Monday, September 19, 2016. No further extensions of time will be granted.

DATED: September 7, 2016

*Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE