UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. GARCIA, | No. 2:13-cv-1952 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| C/O HEATH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis with this civil rights action, has filed a ninth request for appointment of counsel together with a request to re-open discovery. For the reasons set forth herein, plaintiff's requests are denied.

The court filed findings and recommendations in this case on August 17, 2016, which remain pending before the district judge, and which recommend dismissal of all defendants in this action with the exception of Mendoza due to plaintiff's failure to exhaust his administrative remedies. See ECF No. 68.

By order filed September 8, 2016, the court denied plaintiff's seventh and eighth requests for appointment of counsel. See ECF No. 74. Relying on the legal standards for assessing whether "exceptional circumstances" warranted such appointment,[1] the court found in pertinent

---

[1] As this court has noted in assessing each of plaintiff's prior requests for appointment of counsel, district courts lack authority to require attorneys to represent indigent prisoners in civil

1

1 part, id. at 2:

> The court again concludes that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel. Plaintiff's continuing incarceration, limited understanding of the law, and limited access to the prison law library are circumstances common to most prisoners. Moreover, in light of the pending findings and recommendations, which were based on an exhaustive review of the record, appointment of counsel would have a negligible impact on the direction and merits of this case.

Plaintiff now contends that the exceptional circumstances warranting appointment of counsel include the necessity to re-open discovery to prove that all named defendants conspired to retaliate against plaintiff, and thus demonstrate that plaintiff has a strong likelihood of success on the merits of his claims. Plaintiff also contends that this court's pending recommendation demonstrates that plaintiff is unable to articulate his claims pro se in light of the complexity of the legal issues involved. Plaintiff again contends that he has limited access to the prison law library, due to long wait lines for general library and computer use; outdated resources; and retaliatory conduct by prison guards preventing plaintiff's access to the library. Plaintiff asserts that the lack of adequate legal resources and assistance from paralegals or other persons trained in the law violates his Sixth Amendment right to meaningfully access the courts, as required by Bounds v. Smith, 430 U.S. 817 (1977).

As the undersigned previously stated, the record on administrative exhaustion presented to this court appeared to be exhaustive. Plaintiff was reminded that additional discovery or legal research would not impact the court's assessments "concerning the timing, content and processing of his administrative grievances, for which he does not need the prison library or computers."

---

rights cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Nevertheless, this court may, in exceptional circumstances, request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits of his claims as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on plaintiff. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting appointment of voluntary counsel. Id.

1  ECF No. 74 at 3-4.  Plaintiff has identified no additional evidence that may be pertinent to the
2  court's assessment on administrative exhaustion.  Moreover, this court stated that "[f]ollowing the
3  district judge's decision on the undersigned's findings and recommendations, this court will
4  consider reopening discovery on the merits of plaintiff's claims."  Id. at 3 (citing a previous
5  similar statement at ECF No. 66 at 2-3).

6       In support of his Bounds argument, plaintiff asserts that "he has been making so many
7  mistakes that he now has actual injury to his case because of so many barriers including not being
8  to articulate."  ECF No. 76 at 3.

9       Prisoners' constitutional right of access to the courts "requires prison authorities to assist
10 inmates in the preparation and filing of meaningful legal papers by providing prisoners with
11 adequate law libraries or adequate assistance from persons trained in the law."  Bounds, 430 U.S.
12 at 828.  In order to state a denial of access claim under the First Amendment, a prisoner must
13 show that he suffered an "actual injury" as a result of the defendants' actions by explaining how
14 the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal
15 claim.  Lewis v. Casey, 518 U.S. 343, 351-55 (1996).  Actual injury may be shown if the alleged
16 shortcomings "hindered his efforts to pursue a legal claim," such as having his complaint
17 dismissed for "for failure to satisfy some technical requirement" or if he "suffered arguably
18 actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of
19 the law library that he was unable even to file a complaint."  Id. at 351.

20      The court finds that plaintiff's alleged "actual injury" is too vague to support a claim
21 under Bounds – plaintiff has been an articulate and capable litigant in this action who, like all
22 prisoners, is subject to the requirements of administrative exhaustion before he can proceed with
23 his civil rights claims in this court.  Additionally, plaintiff will be accorded the opportunity to
24 conduct further discovery on the substance of his claims against defendant Mendoza.

25      For these reasons, the court again concludes that plaintiff has failed to meet his burden of
26 demonstrating exceptional circumstances warranting the appointment of counsel at this time.
27 Additionally, discovery should not be re-opened in this case until such time that the district judge
28 rules on the pending findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion "requesting appointment of counsel and to re-open discovery to enter supplemental argument," ECF No. 76, is denied without prejudice.

DATED: September 26, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE