UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. GARCIA, | No. 2:13-cv-1952 JAM AC P |
| Plaintiff, | |
| v. | ORDER SETTING SETTLEMENT CONFERENCE |
| C/O HEATH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Carolyn K. Delaney to conduct a settlement conference at the United States District Court, 501 I Street, Sacramento, California 95814, in Courtroom #24 on June 5, 2017, at 9:30 a.m. A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In light of the upcoming settlement conference, all pending deadlines will be vacated and plaintiff's motion to stay deadlines pending his transfer to another prison will be denied as moot.

In accordance with the above, IT IS HEREBY ORDERED that:

1. A settlement conference has been set for June 5, 2017, at 9:30 a.m. in Courtroom #24 before Magistrate Judge Carolyn K. Delaney at the U. S. District Court, 501 I Street, Sacramento, California 95814.

2. Parties are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.[1]

3. Parties are directed to submit confidential settlement statements no later than May 26, 2017, to ckdorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement Attn: Magistrate Judge Carolyn K. Delaney, USDC CAED, 501 I Street, Suite 4-200, Sacramento, California 95814, so it arrives no later than May 26, 2017. The envelope shall be marked "CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT."

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon. The parties are directed to file a "Notice of Submission of Confidential Settlement Statement." L.R. 270(d).

////

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences . . . ." United States v. United States Dist. Court for the N. Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a. A brief statement of the facts of the case.

   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c. A summary of the proceedings to date.

   d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

   e. The relief sought.

   f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

   g. A brief statement of each party's expectations and goals for the settlement conference.

4. The deadlines set forth in the court's scheduling order filed March 21, 2017 (ECF No. 87) are vacated and will be re-set if the settlement conference is unsuccessful.

5. Plaintiff's motion to stay (ECF No. 90) is denied as moot.

DATED: April 19, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE