UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. GARCIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C/O HEATH, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-1952 JAM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner at Mule Creek State Prison (MCSP), proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. By order filed December 27, 2016, all defendants with the exception of Mendoza were dismissed due to plaintiff's failure to exhaust his administrative remedies. See ECF Nos. 78, 68. This action proceeds on the First Amended Complaint, ECF No. 17, against sole remaining defendant Mendoza on the claim that Mendoza retaliated against plaintiff in violation of the First Amendment.

By order filed July 25, 2017, the court set the following extended deadlines: September 29, 2017 for completing discovery, and December 15, 2017 for filing dispositive motions. See ECF No. 106.

Currently pending is plaintiff's "Motion for Leave to Amend Complaint and for Admissions and Request for Summons for Additional Defendants," by which plaintiff seeks to

1

add ten defendants to this action. See ECF No. 109 (235 pages with exhibits). Five of the ten proposed defendants – Bradley, Health, Perez, Torres, Vallery – were dismissed from this action pursuant to defendants' failure-to-exhaust motion. See ECF Nos. 78, 68. The court rejected plaintiff's prior request to include the remaining five proposed defendants – Reaves, Artis, Knipp, Lazano (or Lozano), and J.H. Colley (previously identified as "J.H.") – when it denied plaintiff's prior motion to file a proposed Second Amended Complaint. See ECF No. 39 at 4-5.

In the instant motion, plaintiff contends that inclusion of all proposed defendants is necessary to prove their alleged conspiracy ("campaign of harassment") to chill plaintiff's First Amendment rights. Plaintiff seeks to demonstrate that the court's decision granting defendants' failure-to-exhaust motion was in error, and asserts that he has new evidence obtained pursuant to discovery demonstrating that his efforts to exhaust, at least as to two defendants, were improperly thwarted. ECF No. 109 at 5.

A court should freely grant leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). "Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (citing Lopez v. Smith, 203 F.3d 1130, 1131 (9th Cir. 2000) (en banc)), cert. denied, 541 U.S. 1063 (2004). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay. Undue delay by itself, however, is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted).

Previously, in assessing the merits of defendants' failure-to-exhaust motion, the undersigned carefully analyzed all of the parties' evidence, including each of plaintiff's relevant administrative grievances and plaintiff's allegations that his efforts to exhaust those grievances had been unduly thwarted. See ECF No. 68. Plaintiff does not now explain which of his exhibits were previously unavailable or how they should alter the court's prior analyses. See Exhibit List, ECF No. 109 at 19. It is not the responsibility of the court "to comb through the record to find

some reason to deny a motion for summary judgment." Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1029 (9th Cir. 2001) (citation and internal quotation marks omitted). Because the court has already considered and rejected the inclusion of each proposed defendant in this case, it appears that amendment would be futile; plaintiff's motion does not demonstrate otherwise.

Equally important, amendment of the complaint at this juncture would be unduly prejudicial to defendants. Discovery has closed; dispositive motions are due by December 15, 2017. It would be unfair to reopen discovery at this time, particularly for ten new defendants. This case has been pending for more than four years and it is time to reach the merits of plaintiff's claims against defendant Mendoza. Plaintiff has failed to demonstrate that his proposed amendments are required by the interests of justice. See Fed. R. Civ. P. 15(a)(2).

For these reasons, IT IS HEREBY ORDERED that plaintiff's motion for leave to file a Third Amended Complaint and to reopen discovery, ECF No. 109, is DENIED.

DATED: October 10, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE