UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. GARCIA, | No. 2:13-cv-1952 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| C/O HEATH, et al., | |
| Defendants. | |

I.     Introduction

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action. By order filed December 27, 2016, all defendants with the exception of defendant Mendoza were dismissed due to plaintiff's failure to exhaust his available administrative remedies. See ECF Nos. 78, 68. On October 25, 2017, defendant Mendoza filed a motion for summary judgment on the merits of plaintiff's remaining claim that Mendoza engaged in a campaign of retaliatory searches of plaintiff's cell and central file in violation of the First Amendment. See ECF No. 111. Plaintiff's opposition or statement of non-opposition is due within 21 days after service of defendant's motion. See Local Rule 230(l). However, currently pending is plaintiff's request for appointment of counsel or the dismissal of this case without prejudice together with instructions on the applicable statute of limitations. See ECF No. 114.

For the reasons set forth below, plaintiff's request for appointment of counsel is denied, and plaintiff is directed to timely file either a response to defendant's pending motion for summary judgment or a request that this action be voluntarily dismissed.

II.     Request for Appointment of Counsel

This is plaintiff's tenth request for appointment of counsel. In denying plaintiff's ninth request, the court found that plaintiff had again failed to demonstrate "exceptional circumstances" warranting appointment, based on the factors set forth in Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), and Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). See ECF No. 77. The undersigned noted that plaintiff has been an "articulate and capable litigant" in this case, the complexities of which were significantly reduced by the court's December 27, 2016 decision. Id. at 3. These factors have not changed. Moreover, plaintiff's instant request is premised on the alleged importance of the original issues presented in this action ("conspiracy of harassment" by all defendants) to "hundreds of other inmates who are too afraid to defend themselves," and the need for this court to again "view all of the evidence." ECF No. 114 at 2-3. Plaintiff implores the court, id. at 2 (with minor edits):

> "If" the court does not want to see the extreme need for counsel for such a severe case that is clearly damaged and that plaintiff cannot proceed by himself to seek justice then plaintiff asks the court to dismiss this case without prejudice so that plaintiff can start all over again, but first plaintiff will need time to study more law for such a complicated case and needs to know how much time he will have to re-file (§ 1983) before the statute of limitations runs out because it would be very irresponsible for plaintiff to not pursue justice for such heinous crimes.

For the reasons previously stated by the undersigned, the court again finds that plaintiff has failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. See ECF No. 77 and prior orders cited therein. Significantly, the court did appoint counsel for plaintiff for the limited purpose of representing him at a settlement conference on June 5, 2017. See ECF No. 95. However, the case did not settle. Thereafter, the court authorized an additional period of discovery specific to enable plaintiff to fully develop his narrowed case against defendant Mendoza. See ECF No. 102. Plaintiff's continuing efforts to "restart" this case with the previously dismissed defendants remain unavailing, both in substance and as a rationale for

obtaining appointment of counsel. Accordingly, plaintiff's instant request for appointment of counsel will be denied.

III. Alternative Request for Dismissal

This court is without authority to advise plaintiff whether to voluntarily dismiss this case, which is his decision alone. Requests for voluntary dismissal are made pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure. The court provides the following general information concerning the statute of limitations in prisoner civil rights actions, but expresses no opinion concerning its application in the instant case.

"[B]ecause there is no specified statute of limitations for an action under 42 U.S.C. § 1983, the federal courts look to the law of the state in which the cause of action arose and apply the state law of limitations governing an analogous cause of action." Pouncil v. Tilton, 704 F.3d 568, 573 (9th Cir. 2012) (citation omitted). "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); see also Azer v. Connell, 306 F.3d 930, 935-36 (9th Cir. 2002).

In California, the statute of limitations for personal injury actions is two years. See Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). This limitations period is statutorily tolled for another two years for prisoners serving less than a life sentence, resulting in a total limitations period of four years; however, prisoners serving life sentences are not entitled to this statutory tolling. See Cal. Civ. Proc. Code § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000).

Also in California, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory [administrative] exhaustion process." Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

Additionally, "[u]nder California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's

3

conduct must have been reasonable and in good faith." Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999), cert. denied, 529 U.S. 1117 (2000) (citation omitted); see also Lantzy v. Centex Homes (2003) 31 Cal. 4th 363, 370 ("This court has applied equitable tolling in carefully considered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice.") (collecting cases); but see Diggs v. Williams, 2006 WL 1627887, at *3, 2006 U.S. Dist. LEXIS 37772, at *9 (E.D. Cal. June 8, 2006) (Case No. 2:05-cv-1168 DFL GGH P) ("California courts have declined to find equitable tolling in cases where the plaintiff's own conduct delayed the prosecution of his previous action.") (collecting cases).

Finally, "[a]lthough state law determines the length of the limitations period, 'federal law determines when a civil rights claim accrues.'" Azer, 306 F.3d at 936 (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's tenth request for appointment of counsel, ECF No. 114, is denied without prejudice; and

2. Plaintiff shall, within 21 days after service of defendant's pending motion for summary judgment, either (1) file and serve a response to defendant's motion, or (2) submit a request that this action be voluntarily dismissed pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure.

DATED: October 31, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE