UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY R. GARCIA, | No. 2:13-cv-1952 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| C/O HEATH, et al., | |
| Defendants. | |

I. <u>Introduction</u>

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action. Currently pending is plaintiff's motion to disqualify the undersigned magistrate judge from this action. ECF No. 116. For the reasons that follow, the undersigned denies plaintiff's motion for disqualification, and provides plaintiff a final opportunity to oppose defendant's pending motion for summary judgment.

II. <u>Background</u>

On December 27, 2016, all defendants except Mendoza were dismissed from this action due to plaintiff's failure to exhaust available administrative remedies. <u>See</u> ECF Nos. 78, 68. On October 25, 2017, defendant Mendoza filed a motion for summary judgment on the merits of plaintiff's only remaining claim for retaliation in violation of the First Amendment. <u>See</u> ECF No. 111. In response to defendant's motion, plaintiff filed his tenth request for appointment of

counsel or, alternatively, dismissal of this action without prejudice. See ECF No. 114.  By order filed November 1, 2017, the court denied plaintiff's request for appointment of counsel, and directed plaintiff to file and serve, within twenty-one days, a response to defendant's motion or a request that this action be voluntarily dismissed pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure. See ECF No. 115.

Plaintiff responded with the pending motion to disqualify the undersigned magistrate judge and a request for additional information on the consequences of a voluntary dismissal. See ECF No. 116.

### III. Motion to Disqualify

#### A. Plaintiff's Arguments

Plaintiff moves to disqualify the undersigned magistrate judge from this action, pursuant to 28 U.S.C. §§ 144, 455(a), and 455(b), due to "the appearance of impartiality" (sic). ECF No. 116 at 1.  Plaintiff cites the undersigned's denials of his requests for appointment of counsel; findings and recommendations on the question of administrative exhaustion; and refusal to allow plaintiff to proceed on his proposed Third Amended Complaint (TAC).  Attached to plaintiff's disqualification motion is a copy of his proposed TAC and exhibits, see id. at 8-238, previously filed and framed as a "Motion for Leave to Amend Complaint and for Admissions and Request for Summons for Additional Defendants," ECF No. 109 at 1-235.  Plaintiff argues that this evidence demonstrates the violation of his constitutional rights by "all 11 defendants," the complexity of the legal issues involved, the likelihood of success on the merits of his claims, and therefore his entitlement to appointed pro bono counsel. ECF No. 116 at 2.  See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) ("exceptional circumstances" warranting the appointment of counsel include the plaintiff's likelihood of success on the merits of his claims as well as plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved); see also 28 U.S.C. § 1915(e)(1).

#### B. Legal Standards

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or

prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall disqualify herself if she has "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Under these recusal statutes, the substantive standard is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (further citations omitted).

Historically, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corporation, 384 U.S. 563, 583 (1966) (citing Berger v. United States, 255 U.S. 22, 31 (1921)). This standard dictates that "bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case." Berger, 255 U.S. at 31. The standard has been expanded to include bias arising from what the judge has learned from her participation in a case, only when such bias "is so extreme as to display clear inability to render fair judgment." Liteky v. United States, 510 U.S. 540, 551 (1994).

C. Analysis

1. Court's Failure-to-Exhaust Findings and Recommendations

Plaintiff contends this court erred, due to the undersigned's bias or prejudice, in recommending that defendants' failure-to-exhaust summary judgment motion be granted. This contention is without merit. The undersigned initially ruled in December 2014 that plaintiff had stated potentially cognizable claims in his First Amended Complaint against six defendants (Mendoza, Heath, Bradley, Vallery, Torres, and Perez). See ECF No. 18. The subsequent findings and recommendations on defendants' failure-to-exhaust motion were detailed, thorough, and carefully reasoned. Knowing the significant impact that a failure-to-exhaust decision can have on a plaintiff, the court analyzed all of the evidence, particularly plaintiff's relevant

administrative grievances and his allegations that his efforts to exhaust had been thwarted. See ECF No. 68. The findings and recommendations were based on review of the factual record and governing legal principles, and reflect no personal animosity toward any party. Accordingly, the findings and recommendations on the question of administrative exhaustion provide no basis for recusal or disqualification.

2. <u>Denial of Plaintiff's Requests for Appointment of Counsel</u>

Plaintiff contends that the undersigned's alleged bias or prejudice is demonstrated by the denials of plaintiff's several motions for appointment of counsel. This contention is also without merit.

Prior to the undersigned's findings and recommendations on defendants' failure-to-exhaust motion, plaintiff made five requests for appointment of counsel. The June 4, 2015 denial of plaintiff's fifth request (ECF No. 30) relied on the same reasoning set forth in the April 22, 2015 denial of his fourth request (ECF No. 28). Specifically:

> [T]he court again finds that plaintiff has not demonstrated exceptional circumstances warranting appointment of counsel at this time. Plaintiff's physical health appears to be stabilized and he is receiving medication for his depression. While plaintiff asserts that his claims are complex, he is pursuing the same claim against all six defendants – that defendants violated plaintiff's First Amendment rights by retaliating against him for filing administrative grievances. Plaintiff is proceeding on a solid operative complaint and appears to possess substantial evidence in support of his claims. The wording of plaintiff's request for appointment of counsel and "reply brief" indicate that he is capable of identifying additional evidence that would support his claims, and formulating his discovery requests accordingly. Plaintiff also appears capable of adequately responding to defendants' discovery requests to the extent that plaintiff possesses the requested evidence or can easily obtain it (e.g., from his central file). Plaintiff has already shared substantial evidence with defendants by filing it with the court, and defendants should circumscribe their discovery requests accordingly. Thereafter, on or before October 2, 2015, plaintiff may move for summary judgment in his favor, with all of his supporting evidence; plaintiff must also timely oppose any motion for summary judgment filed by defendants. The court will then examine the merits of his plaintiff's claims and evidence. [¶] Based on the court's assessment that plaintiff appears capable of proceeding effectively in this action on his own, at this time, his request for appointment of counsel will again be denied.

ECF No. 28 at 2-4 (fn. omitted).

Plaintiff filed three more requests for appointment of counsel while the findings and recommendations were pending, before the district judge ruled. See ECF Nos. 69, 72, 76. Due to the pendency of the findings and recommendations, plaintiff's requests were denied. See ECF Nos. 74, 77. After the district judge adopted the findings and recommendations, plaintiff filed an interlocutory appeal to the Ninth Circuit, which was dismissed for lack of jurisdiction. Following issuance of the Ninth Circuit's mandate on March 23, 2017, the court set a settlement conference and appointed counsel for the limited purpose of assisting plaintiff at the conference, thus granting his ninth request for appointment of counsel. See ECF No. 93, 95. However, the case did not settle.

On June 29, 2017, the court issued a further discovery and scheduling order. ECF No. 102. A few days before expiration of the discovery deadline, plaintiff filed his tenth request for appointment of counsel or, in the alternative, dismissal of his case without prejudice together with instructions on the applicable statute of limitations. ECF No. 114. In response, the court set forth the general legal standards for assessing the statute of limitations in prisoner civil rights cases, without dismissing the case, and denied plaintiff's request for appointment on the following grounds:

> [P]laintiff's instant request is premised on the alleged importance of the original issues presented in this action ("conspiracy of harassment" by all defendants) to "hundreds of other inmates who are too afraid to defend themselves," and the need for this court to again "view all of the evidence." ECF No. 114 at 2-3.
>
> . . . For the reasons previously stated by the undersigned, the court again finds that plaintiff has failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. See ECF No. 77 and prior orders cited therein. Significantly, the court did appoint counsel for plaintiff for the limited purpose of representing him at a settlement conference on June 5, 2017. See ECF No. 95. However, the case did not settle. Thereafter, the court authorized an additional period of discovery specific to enable plaintiff to fully develop his narrowed case against defendant Mendoza. See ECF No. 102. Plaintiff's continuing efforts to "restart" this case with the previously dismissed defendants remain unavailing, both in substance and as a rationale for obtaining appointment of counsel. Accordingly, plaintiff's instant request for appointment of counsel will be denied.

ECF No. 115 at 2-3.

Plaintiff has been an active, articulate and assertive litigant in this case, who has submitted (and resubmitted) all the evidence which he believes is relevant. Plaintiff has capably expressed his positions and legal arguments notwithstanding the relative complexities of this case. Moreover, the complexities of this case were significantly reduced by the dismissal of all but one of the defendants. The undersigned considered each of plaintiff's requests for appointment of counsel according to the standards set forth in Palmer. These decisions were reached without prejudice or bias, and provide no basis for disqualification or recusal.

         3.   Denial of Request to Proceed on Third Amended Complaint

Plaintiff's also contends that the undersigned ignored critical evidence when denying his request for leave to proceed on his proposed Third Amended Complaint. The court provides the following background as context for the ruling.

The court issued a scheduling order in March 2015, after the initial six defendants were served process. ECF No. 24. Three months later, near the close of discovery, plaintiff sought leave to proceed on a proposed Second Amended Complaint (SAC), which the court denied. See ECF Nos. 33, 39. The court found that the proposed SAC failed to state cognizable claims against five newly named defendants, Reaves, Knipp, Artis, Lozano and J.H., and, in any case, that amendment so close to the discovery deadline would be unduly prejudicial to defendants. See ECF No. 39 at 3-6.

Following the court's December 2016 dismissal of all defendants except Mendoza on failure-to-exhaust grounds, see ECF Nos. 68, 78, and issuance of a new scheduling order, ECF No. 79, the case was staying pending resolution of plaintiff's interlocutory appeal filed in the Ninth Circuit Court of Appeals. ECF Nos. 80-84. The appeal was denied for lack of jurisdiction. ECF Nos. 85, 89.

Thereafter, as earlier noted, the court set a settlement conference before another magistrate judge, appointed counsel to confer with plaintiff and represent him at the conference, and issued a writ ad testificandum directing plaintiff's presence at the conference. The conference was convened on June 5, 2017, but the case did not settle. ECF No. 99. The court issued yet another scheduling order on June 29, 2017, extending the discovery deadline to

September 29, 2017, and the dispositive motion deadline to December 15, 2017. ECF No. 102.

On September 27, 2017, shortly before expiration of the extended discovery deadline, plaintiff filed a motion for leave to proceed on a proposed Third Amended Complaint (TAC). See ECF No. 109. By order filed October 11, 2017, the court denied plaintiff's request. See ECF No. 110. The court reasoned that "[f]ive of the ten proposed defendants – Bradley, Health, Perez, Torres, Vallery – were dismissed from this action pursuant to defendants' failure-to-exhaust motion. The court rejected plaintiff's prior request to include the remaining five proposed defendants – Reaves, Artis, Knipp, Lazano (or Lozano), and J.H. Colley (previously identified as 'J.H.') – when it denied plaintiff's prior motion to file a proposed Second Amended Complaint." Id. at 2 (internal citations omitted). The court rejected plaintiff's argument that he needed to include all of the putative defendants to prove their alleged conspiracy. As previously noted, "[p]laintiff's continuing efforts to 'restart' this case with the previously dismissed defendants remain unavailing, both in substance and as a rationale for obtaining appointment of counsel."

In plaintiff's present motion to disqualify the undersigned, plaintiff relies on the same evidence and arguments presented in support of his motion to proceed on his proposed TAC. Attached to plaintiff's disqualification motion is a copy of his proposed TAC (without the title page) and exhibits, see ECF No. 116 at 8-238, previously filed and framed as his motion for leave to proceed on the proposed TAC, see ECF No. 109 at 1-235. The same assessment applies. See ECF No. 110 at 2-3 (discussed supra). Then, as now, plaintiff does not explain which of his exhibits were previously unavailable or how they might alter the court's prior analyses. More importantly at this juncture, plaintiff does not demonstrate how the court's denial of plaintiff's motion for leave to proceed on his TAC demonstrates any prejudice or bias by the undersigned.

4. Summary

The undersigned has considered every matter in this case without influence from any extrajudicial source. Every ruling has been based on the facts and legal arguments presented by the parties, and has not been influence by any bias or prejudice against plaintiff personally. To the extent the undersigned may have made erroneous factual determinations or incorrectly applied the law, such errors are grounds for appeal but not disqualification. For these reasons, plaintiff's

motion for disqualification will be denied.

IV.     Request for Voluntary Dismissal/Extended Time to Oppose Defendant's Motion

This court declines to make plaintiff's decision on voluntary dismissal. As the undersigned previously explained to plaintiff, the decision is his alone. The court previously informed plaintiff of the legal standards for assessing the statute of limitations in prisoner civil rights cases, without opining on their applicability to this case. ECF No. 115. No additional guidance will be provided. Instead, the court will accord plaintiff extended time to file an opposition to defendant's pending motion for summary judgment. If plaintiff fails to timely oppose the motion within this extended period, the undersigned will recommend that this case by dismissed without prejudice for failure to abide by court orders. See Fed. R. Civ. P. 41(b).

V.      Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to disqualify the undersigned magistrate judge from this action, ECF No. 116, is denied.

2. Plaintiff may file and serve his opposition to defendant's pending motion for summary judgment within twenty-one days after the filing date of this order; *no further extensions of time will be granted absent extraordinary circumstances.*

3. Failure of plaintiff to timely oppose defendant's motion will result in the undersigned's recommendation to the district judge that this action be dismissed without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure.

DATED: December 7, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE